IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FREDERICK R. SCHMITT,

                Petitioner,

v.                                              OPINION & ORDER

RICHLAND COUNTY CLERK OF                 16-cv-93-jdp
CIRCUIT COURT, and JUDGE LEINEWEBER

                Respondents.

---

Petitioner Frederick R. Schmitt is currently a prisoner at the Redgranite Correctional Institution. He seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2007 conviction from the circuit court for Richland County, Wisconsin. Petitioner has paid his five-dollar filing fee, and I may now preliminarily review the case under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because petitioner is proceeding pro se, I must read his petition generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). After reviewing the petition, I conclude that the petition appears untimely. But before I dismiss it, I will give petitioner an opportunity to respond to this order and explain why the case should proceed.

Petitioner also requests the assistance of counsel. Dkt. 2. Because petitioner has not shown that he financially eligible, or that appointment would serve the interests of justice, that request will be denied.

BACKGROUND

I draw the following facts from petitioner's filings. Petitioner entered a plea of no contest on November 16, 2007, to charges that he violated Wis. Stat. § 948.025(1)(a), by

repeatedly sexually assaulting the same child. On February 7, 2008, petitioner was sentenced to 10 years of prison and 15 years of extended supervision. He did not appeal.

According to the petition, on May 24, 2015, petitioner filed for relief of some kind with the circuit court, but he has not yet received an answer from the court. Wisconsin court records show that petitioner filed for a writ of mandamus on November 2, 2015, but the writ was denied on February 3, 2016. Petitioner filed his habeas petition on February 11, 2016.

## ANALYSIS

Under 28 U.S.C. § 2244(d)(1)(A), a prisoner must file a federal collateral attack on a state criminal judgment within one year of when the state court judgment became final. The one-year period begins to run from the latest of: (1) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any state impediment to filing the petition was removed; (3) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. § 2244(d)(1)(A)-(D). The statute also provides that the time during which a properly filed application for state postconviction or other collateral review is pending is not counted toward any period of limitation. § 2244(d)(2).

Petitioner had 90 days to appeal his November 16, 2007, conviction before it became final. He did not appeal, so his conviction became final on February 14, 2008. His one-year clock to file a federal habeas petitioner began running the next day, on February 15, 2008, giving him until February 15, 2009 to file. It does not appear from the record that petitioner

2

filed anything during that time to toll the statute of limitations.[1] Thus, the statute of limitations has long since expired, and the February 11, 2016, petition for federal habeas relief is untimely.

However, petitioner may be able to overcome the untimeliness. Petitioner may be entitled to relief through equitable tolling if he can show that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner has not yet demonstrated that he has been pursuing his rights diligently or that an extraordinary circumstance has been standing in his way. Unless petitioner can establish that his claims should be tolled, I must dismiss his petition as untimely.

One other option is available to petitioner: he may be able to overcome the one-year time limit by arguing for an equitable exception based on a claim of actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). To qualify for this narrow exception, petitioner must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Petitioner must show "that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). To be "new," the evidence does not need to be "newly discovered," but it must not have been presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015). Based on the materials that petitioner has submitted so far, I

---

[1] Petitioner's state court filing in 2015 did not toll his one year because it was well after the time period.

am skeptical that he will qualify for this equitable exception. However, I will give petitioner a short time to respond to this order and show that: (1) he qualifies for equitable tolling; or (2) I should excuse him from the one-year limitations period because he is actually innocent. If he fails to adequately respond, I will dismiss his petition.

Petitioner also requests the assistance of counsel. Dkt. 2. He contends that because he is not a lawyer, he will not be able to adequately present his arguments. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes district courts to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. But first, the district court must determine that the petitioner is "financially eligible" and that the appointment of counsel would serve "the interests of justice." 18 U.S.C. § 3006A(a)(2). To be financially eligible for appointment of counsel, petitioner does not have to be indigent; he must demonstrate only that he is financially unable to obtain counsel. *United States v. Sarsoun*, 834 F.2d 1358, 1362 (7th Cir. 1987) ("The Criminal Justice Act . . . merely requires that a defendant be financially unable to obtain counsel—a lower standard than indigency."). The court also considers whether: (1) the merits of petitioner's claims are colorable; (2) petitioner is able to investigate crucial facts; (3) the assistance of counsel will more likely expose the truth based on the nature of the evidence; (4) petitioner is capable of presenting the case; and (5) the legal issues raised are complex. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). Petitioner has not yet made any of these showings. His request will therefore be denied without prejudice to him raising it again later in the case if he is able to overcome his untimeliness.

ORDER

IT IS ORDERED that:

1. Petitioner Frederick R. Schmitt may have until August 11, 2016, to respond to this order as described above. If petitioner fails to timely and adequately respond, I will dismiss his petition.

2. Petitioner's request for assistance of counsel, Dkt. 2, is DENIED.

Entered July 21, 2016.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge